**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark R. Young, a single man, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV-04-531 TUC JMR |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Pima County, a public entity; Susan A. | ) | |
| Kettlewell, Pima County Public Defender; | ) | |
| Leo M. Plowman, Jr., Esq. and Jane Doe | ) | |
| Plowman, husband and wife, John Does I- | ) | |
| IV and Jane Does I-IV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before this Court is Defendants' motion for summary judgment.  For the reasons discussed below, Defendants' motion is granted and this case is dismissed with prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   *Factual Background*

In 2000, Young was charged with failing to give a notice of a change of address after having been convicted of a violation of Chapter 14 of the Arizona Revised Statutes. Defendant Plowman, a Pima County Assistant Public Defender, was appointed to represent him.  Defendant Kettlewell was the Pima County Public Defender at the time, and, therefore, Plowman's supervisor.  Young pled guilty to the offense and was

sentenced to one and a half years in the Arizona Department of Corrections.  Upon

release, Young was required to register as a sex offender; that status would be published

by the Department of Public Safety.

After serving his sentence, Young filed a petition for post-conviction relief

pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, arguing that he should

not be required to register as a sex offender and that his record should be expunged

because he had never actually been convicted of a violation of Chapter 14 of the Arizona

Revised Statutes.  On September 11, 2003, the State responded to his motion, agreeing

that Young should not be required to register and his conviction should be expunged.  On

September 17, 2003, the Arizona Superior Court issued a minute entry relieving Young

from any duty to register as a sex offender and expunging his record of the conviction.

B.      *Procedural history and issues*

On March 16, 2004, Young delivered two copies of a Notice of Claim dated March

15, 2004.  He filed this case in the Arizona Superior Court on September 16, 2004.

Defendants then removed to this Court.  In his complaint, Young alleges that Plowman

failed to render affective assistance of counsel by advising him to plead and failing to

advise him that he was entitled to dismissal of his case due to the State's inability to

establish that he had been convicted of a violation of Chapter 14.  Young argues that

Plowman deprived him of his civil rights and that he is entitled to relief under 42 U.S.C.

§ 1983 and that Plowman committed legal malpractice.  Young further argues that

Kettlewell is liable under both counts as Plowman's supervisor because she had a duty to

"train, educate and/or assist Plowman in understanding the laws applied to the criminal offense for which [Young] was charged."  He contends that Pima County, as a public entity, "may be held independently or vicariously liable for the wrongful conduct of its officers and employees . . . ."

Defendants filed the instant motion on June 14, 2005.  As to Young's section 1983 claims, Defendants argue that they are entitled to summary judgment as a matter of law because Plowman was not acting under color of law when representing Young and because Young has failed to allege a section 1983 claim against Kettlewell or Pima County.  Defendants also argue that Young's malpractice claim is barred as untimely under Arizona law.  In the alternative, Defendants make a public policy argument that public defenders should be entitled to immunity from legal malpractice when acting within the scope of their employment and that the Public Defender is not personally or vicariously liable for the malpractice of a deputy.

Young responds that Plowman may be liable under section 1983 for intentional misconduct, but states that "[t]his determination cannot be made until Mr. Young has had an opportunity to conduct meaningful discovery."  He further argues that he has made a sufficient section 1983 claim against both Kettlewell and Pima County.  As to the malpractice claims, Young contends that his claim is not barred by the statute of limitations and that Defendants have used the wrong date of accrual for his cause of action and argues against Defendants' public policy argument.

## II.    DISCUSSION

A.    *Legal standard for summary judgment*

Summary judgment is appropriate where no genuine issue as to a material fact exists and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The initial burden rests on the moving party to demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 323.  Once satisfied, the burden shifts to the party resisting summary judgment to demonstrate *through production of probative evidence* that an issue of fact remains to be tried.  477 U.S. at 323-24 (emphasis added).  The Court must accept the non-movant's evidence as true and view all inferences in the light most favorable to the non-movant.  *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).

Young has filed no statement of facts in support of his opposition to Defendants' motion as required by Rule 56.1 of the Rules of Practice of the United States District Court for the District of Arizona.  Young did file a motion entitled, "Motion for Leave to Provide Additional Stipulated Facts in Support of Plaintiff's Opposition to Motion for Summary Judgment" more than one month after he filed his opposition.  Young has given no good cause for the delay in filing the statement of stipulated facts.  Defendants object to the motion arguing that they have not stipulated to any facts.  The motion is denied on both grounds.  An "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S.

317 (1986).  Therefore, the facts set forth are those submitted in Defendants' separate statement of facts and those in Young's complaint to which the Defendants admitted in their answer.

      B.     *42 U.S.C. § 1983*

In order to show a deprivation of civil rights under 42 U.S.C. § 1983, a plaintiff must show that: (1) "the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Parratt v. Taylor*, 451 U.S. 527, 536 (1981).

      1.     *Plowman was not acting under color of law for purposes of 42 U.S.C. § 1983.*

The Supreme Court of the United States has held that state public defenders do not act under color of law when "exercising [their] independent professional judgment in a criminal proceeding . . . ."  *Polk County v. Dodson*, 454 U.S. 312, 324 (1981); *see also Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).  However, public defenders may act under color of state law when engaging in intentional misconduct such as conspiracy with state actors to deprive an individual of his constitutionally guaranteed rights.  *Tower v. Glover*, 467 U.S. 914, 920 (1984) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-8 (1984)). Young concedes that public defenders are not acting under color of state law when representing an indigent client, but argues that Plowman *may have been* involved in inappropriate activity such as collusion with the prosecution to bring about a conviction.

However, as stated above, Young has provided no evidence of this and makes the rather incredible statement that he has yet to engage in meaningful discovery.  The discovery deadline in this case was set by order of the Court on December 7, 2004, as June 2, 2005.  The complaint was filed in September 2004.  Young never requested an extension of the discovery deadline, nor did he file any motion indicating that a discovery dispute had arisen between the parties.  Therefore, absent any evidence to the contrary, Plowman was acting in the course of representing Young and was not acting under color of state law.  Plowman is granted summary judgment on the 42 U.S.C. § 1983 claim.

> 2.   *Young has alleged no facts under which Kettlewell or Pima County are liable under 42 U.S.C. § 1983.*

"A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."  *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).  A municipality cannot be held liable for a depravation of civil rights on a respondeat superior theory.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  In order to show municipal liability under 42 U.S.C. § 1983, a plaintiff must show that, "under color of some official policy, [an employee is caused] to violate another's constitutional rights."  *Id.* at 692.  As stated above, Plowman was not liable under 42 U.S.C. § 1983, therefore, no policy of the County Public Defender's Office caused him to commit a violation.

Young appears to argue that Kettlewell herself violated his constitutional rights by performing the administrative function of determining what funds are allocated to the

training of Assistant Public Defenders.  Young relies on *Miranda v. Clark County*, 319

F.3d 465 (9th Cir. 2003), in which the Clark County Public Defender was held liable

under 42 U.S.C. § 1983 for a policy whereby defendants were subjected to a polygraph

test "and then allocated the resources of the office according to the result of that test."  *Id*.

at 469.  Again, Young has provided no specific evidence of a county policy whereby he

was deprived of his constitutional rights.  His mere speculation that Plowman's failure

was due to a policy of inadequate training does not meet the burden under Fed. R. Civ. P.

56.  Young once again states that discovery into this matter is required.  As discussed

above, the discovery deadline has passed.  Kettlewell and Pima County are entitled to

summary judgment on Young's 42 U.S.C. § 1983 claim.

      C.     *Young's malpractice claims are barred under Arizona law.*

      Under Arizona law, persons bringing claims against public entities or employees

must file a notice of claim within 180 days of the accrual of the action.

A.R.S. § 12-821.01(A).  The parties argue over whether the date of accrual should be

calculated from the resolution of the Rule 32 motion in Young's favor, September 17,

2003, or from the date on which the government filed its response acknowledging

Young's right to relief, September 11, 2003.  The argument is moot because Young's

notice of claim was late regardless of which date is used.  Even if the September 17,

2003, date is used, Young's notice of claim was served on March 16, 2004, *181 days later*

(2004 was a leap year).  Therefore, Young's malpractice claims are barred by the statute

of limitations.  Defendants are entitled to summary judgment on all counts.

**III.    CONCLUSION**

Young has failed to meet his burden on production of probative evidence showing that a material issue of fact remains for trial.  Defendants are entitled to summary judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. No. 15) is **GRANTED**.  All other pending motions are **DENIED**.

DATED this 14th day of February, 2006.

John M. Roll
United States District Judge