**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark R. Young, a single man, ) | |
| ) | |
| Plaintiff, ) | No. CIV-04-531 TUC JMR |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Pima County, a public entity; Susan A. ) | |
| Kettlewell, Pima County Public Defender; ) | |
| Leo M. Plowman, Jr., Esq. and Jane Doe ) | |
| Plowman, husband and wife, John Does I- ) | |
| IV and Jane Does I-IV, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before this Court is Plaintiffs' motion for reconsideration of this Court's granting of summary judgment to Defendants. Plaintiff seeks relief from the portion of that order dismissing his malpractice suit as untimely. He relies on Rules 59 and 60 of the Federal Rules of Civil Procedure. Plaintiff argues that the Court should not have dismissed his claim as untimely under Arizona law due to his failure to properly account for a leap year when filing his notice of claim. Plaintiff argues that: (1) the Court should bind the parties by an alleged stipulation that March 16, 2004, was the 180th day after September 17, 2003, despite the fact that in reality it was not, and (2) because the 180 day requirement under A.R.S. § 12-821.01 was not jurisdictional, the Court should find excusable neglect on the part of Plaintiff and allow the case to go forward.

Under Rule 59, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60, relief is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

As to the motion under Rule 59, the only possible relief would be under the second factor as a clear error. Plaintiff has presented no authority to support his proposition that the Court is bound to adhere to the mistake of the parties in the face of the reality of the actual calendar. This is not analogous to the cases relied upon by Plaintiff where factual *disputes* were resolved on the basis of admissions by the parties. *See State Farm Mut. Auto. Ins. Co. v. Porter*, 186 F.2d 834 (9th Cir. 1951) (holding that admissions made by the appellant insurance company established that the driver of a vehicle had permission to operate the vehicle under the insurance policy). Plaintiff cites to *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) for the proposition that "[f]actual assertions in pleadings and pretrial orders, unless amended are considered judicial admissions conclusively binding on the party who made them." However, Plaintiff fails to note that that same decision states, "Judicial admissions are formal admissions in the pleadings *which have the effect of withdrawing a fact from issue and*

-2-

*dispensing wholly with the need for proof of the fact.*"  *Id.* (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982) (internal quotations omitted and emphasis added).  In this case the calculation of 180 days was not in issue.  There can be no factual dispute as to the actual calculation based on the calendar.  The Court did not make a clear error warranting relief under Rule 59.

As to Plaintiff's Rule 60 motion, he is correct in stating that the time requirement under A.R.S. §12-821.01(A) is not jurisdictional.  While Defendants did argue that the notice was untimely, neither party has adequately briefed the issue with regard to excusable neglect.  However, because the federal claims have been dismissed, and because the issue of the liability of public defenders in a malpractice suit is one of first impression in the state of Arizona, the Court withdraws its decision as to the malpractice claims and remands to state court rather than order further briefing on the matter in this court.  28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS ORDERED** that the portion of the Court's February 14, 2006 order regarding the timeliness of Plaintiff's malpractice claims is **WITHDRAWN**.  Summary judgment is granted to Defendants only on Plaintiff's claims under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration is **GRANTED** and this case is **REMANDED TO THE SUPERIOR COURT OF ARIZONA** for further proceedings on Plaintiff's malpractice claims.

DATED this 8th day of May, 2006.

John M. Roll
Chief United States District Judge